UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAGHUPATHI RAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 5451 |
| | ) | |
| COVANSYS CORPORATION, | ) | |
| a/k/a COMPLETE BUSINESS | ) | |
| SOLUTIONS, INC., a Michigan | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before this Court is Plaintiff Raghupathi Rao ("Rao")'s motion to strike six of the affirmative defenses pled by Defendant Covansys Corporation ("Covansys") in its answer to Rao's complaint. For the following reasons, Rao's motion to strike is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion, we recite the relevant facts as they are stated by Rao in his complaint. Rao, a non-immigrant alien and native of Bangalore, India, brings this suit against his former employer, Covansys Corporation, a Michigan

corporation providing information technology and computer consulting services.  Rao entered the United States under the H-1B temporary visa program as a systems analyst/engineer in 1997.  The H-1B program allows United States employers to hire highly skilled workers to fill jobs for which there are not a sufficient number of qualified American workers.  In September 1999, Covansys filed an H-1B petition on behalf of Rao, and Rao began employment with Covansys in February 1999.  In July 1999 and January 2003, Covansys successfully petitioned the government to amend and extend Rao's H1-B status until February 2002.  In May 2002, Covansys transferred Rao to Los Angeles, California, where Rao worked until he voluntarily left Covansys in December 2005.  In August 2006, Rao filed a three-count complaint in the Circuit Court of Cook County, Illinois, which Covansys removed to this court pursuant to 28 U.S.C. § 1332.

The first two counts of Rao's complaint, alleging breach of fiduciary duty and breach of contract, are premised upon Rao's contention that the 1999 and 2002 H-1B petitions and supporting documents formed the written terms and conditions of his employment with Covansys.  Rao claims that Covansys did not comply with the written terms and conditions of his employment, and instead directed him to perform duties that did not require use of the advanced technical skills for which Covansys had purportedly hired him.  Rao claims that performance of these duties caused him

emotional distress, caused his wife to leave him, jeopardized his status as an H-1B professional and applicant for permanent residency, and damaged his career opportunities. The third count of Rao's complaint is for promissory estoppel, and is based upon Covansys's alleged promise to increase Rao's salary when he was transferred to Los Angeles. Rao claims he never received the promised salary increase.

Covansys answered Rao's complaint, and filed thirteen affirmative defenses, six of which Rao challenges in the instant motion.

## **LEGAL STANDARD**

Fed. R. Civ. P. 8(c) requires a party to set out affirmative defenses in its responsive pleading. The purpose of this rule is to give parties fair notice of their opponents' defenses and an opportunity to rebut them. *See Servpro Indus. Inc. v. Schmidt*, 905 F. Supp. 475, 483 (N.D. Ill. 1995); 5 Wright & Miller, Fed. Prac. and Proc.§ 1274 (3d ed). Affirmative defenses must comply with Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the defense. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Bare bones conclusory allegations" are not permitted. *Id.* at 1295.

Fed. R. Civ. P. 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. Motions to strike affirmative defenses "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any

state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations omitted). Courts in this district generally apply a three-part test in examining the sufficiency of affirmative defenses: (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Fed. R. Civ. P. 8 and/or 9; and (3) whether the affirmative defense "can withstand a Rule 12(b)6 challenge-that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate." *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003). Finally, as we have diversity jurisdiction in this case, we examine the legal and factual sufficiency of Covansys' affirmative defenses with reference to Illinois law. *Id.*

## DISCUSSION

Rao challenges six of Covansys' affirmative defenses, asserting either that they are insufficient as a matter or law or that they are inadequately pled. We examine each of the challenged affirmative defenses in turn, keeping in mind that at this premature stage, we are reluctant to strike affirmative defenses unless their deficiencies are patent.

Covansys' first affirmative defense is that Rao's complaint fails to state a claims for which relief can be granted. This defense is simply a statement of the Fed. R. Civ.

P. 12(6) standard. We agree with those courts within this District that have concluded that, because Form 20 of the Federal Rules of Civil Procedure's Appendix of Forms lists the defense as an affirmative defense, and Fed. R. Civ. P. 84 authorizes the use of the Forms' model defenses, the defense of "failure to state a claim" may be raised as an affirmative defense. *See, e.g., Reis Robotics USA, Inc. v. Concept Industries, Inc.*, No. 06-CV-1430, 2006 WL 3198934 (N.D. Ill., Nov. 6, 2006); *Ivanhoe Financial, Inc. v. Highland Banc Corp.*, No. 03 C 7336, 2004 WL 2091997 (N.D. Ill., Sept. 15, 2004); *Ring v. Board of Educ. Community School Dist. No. 60*, No. 03 C 7937, 2004 WL 1687009 (N.D. Ill., July 27, 2004). While the affirmative defense of "failure to state a claim" is proper, Covansys has not, until argument in its response to Rao's motion to strike, provided any of the minimal specifics required by Rule 8 to provide Rao any notice as to why his complaint fails to state claims for which relief may be granted. Accordingly, Covansys' first affirmative defense is stricken without prejudice.

Rao also challenges Covansys' second affirmative defense, in which Covansys asserts that Rao's complaint is barred because Rao has failed to mitigate damages. He argues that because failure to mitigate damages does not bar a complaint, but only reduces the award, the defense is not a proper affirmative defense, and that in any case he did not have a legal duty to mitigate damages. Rao's challenge fails. First, failure to mitigate damages is an affirmative defense under Illinois law. *Kensington Rock*

*Island Ltd. Partnership v. American Eagle Historic Partners*, 921 F.2d 122, 125 (7th Cir. 1990) (citing *Toushin v. Gonsky*, 395 N.E.2d 1124, 1130 (Ill. App. 1979)). Second, the duty to mitigate damages is applicable in a variety of situations in which plaintiff claims damages based upon tort or contract. *Pioneer Bank & Trust Co. v. Seiko Sporting Goods, U.S.A. Co.*, 540 N.E.2d 808, 812 (Ill. App. 1989); *Board of Education of Indian Prairie Sch. Dist. v. DuPage County Elections Comm'n*, 793 N.E.2d 954, 960 (Ill. App. 2003); *see also Outboard Marine Corp. v. Babcock Industries, Inc.*, 106 F.3d 182, 184 (7th Cir.1997). Finally, at this early stage in the litigation, Covansys has pled this defense with adequate specificity. *See, e.g., Fleet Business Credit Corp. v. National City Leasing Corp.,* 191 FRAT 568, 570 (N.D. Ill. 1999) (holding that "in cases where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts").

Rao's next challenge is to Covansys' eighth affirmative defense, in which Covansys asserts that Rao has "failed to state facts sufficient to entitle him to an award of compensatory or punitive damages." In its response to Rao's motion to strike, Covansys argues only that Rao has failed to state facts sufficient to warrant punitive damages.[1] Generally, the unavailability of punitive or compensatory damages is not

---

[1] Because Covansys has not actively opposed Rao's challenge with respect to compensatory damages, we will strike without prejudice only the portion of Covansys' eighth affirmative defense addressing compensatory damages.

a proper affirmative defense, because such a defense does not allege new matter which, if the complaint was assumed to be true, would be a defense to that complaint. *E.g. Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383 at 5 (N.D. Ill., Feb 22, 2006); *Hinkle Engineering, Inc. v. 175 Jackson L.L.C.,* No. 01 C 5078, 2002 WL 31248492 at 3 (N.D. Ill., Oct. 3, 2002). However, Covansys appears not to be alleging that damages are unavailable, but rather that Rao has not pleaded facts sufficient to allow him to claim punitive damages. The allegations of the complaint that Rao claims support an award of punitive damages are pled so sparsely that we cannot say that Covansys' affirmative defense could never succeed, and accordingly, we will not strike the defense with respect to punitive damages.

Rao also challenges Covansys' tenth affirmative defense, in which Covansys states that Rao was an at-will employee who could be terminated or resign at any time with or without cause and with or without notice. Although Rao asserts that this defense is an incorrect statement of the law, Covansys has correctly stated the law in Illinois, which is that an employer may fire an at-will employee for any reason or for no reason at all. *E.g. Jacobson v. Knepper & Moga P.C.*, 706 N.E.2d 491, 492-93 (Ill. 1998). The only "narrow exception" to this rule is for the tort of retaliatory discharge. *Id.* Rao explains that his is "not a discharge case" but still asserts that his alleged status as an at-will employee is no defense, citing *Flasza v. TNT Holland Motor Express,*

*Inc.*, 155 FRAT 612 (N.D. Ill. 1994)  In *Flaza*, the court struck a similar defense citing the employment at will doctrine, but in that case, plaintiff alleged he was discharged in violation of the Americans with Disabilities Act.  As such, *Flaza* is inapplicable on its facts as this case does not involve statutory or common law retaliatory discharge.  Further, although Rao claims a contract of employment existed between him and Covansys, the facts are not sufficiently developed to allow this court to determine whether or not Rao was, as a matter of law, an at-will employee.  Covansys' tenth affirmative defense gives fair notice to Rao that it will argue that, even if what Rao alleges is true, it is still protected by the employment at will doctrine.  Since inclusion of this defense does not prejudice Rao at this stage in the litigation, we will not strike this affirmative defense.

Finally, Rao has also moved to strike Covansys' fifth and seventh affirmative defenses, in which Covansys pleads that Rao's claim is barred by the applicable statute of limitations and by a failure to exhaust administrative remedies, respectively.  Covansys has not challenged Rao's arguments with respect to these two defenses.  In any case, as both affirmative defenses are "bare bones" allegations that do not satisfy Rule 8(a), they are stricken without prejudice.

## **CONCLUSION**

For the foregoing reasons, Rao's motion to strike is granted in part and denied in part.  Covansys' affirmative defenses, numbered 1, 5, 7 are stricken without

prejudice, and the portion of Covansys' eighth affirmative defense pertaining to compensatory damages is also stricken without prejudice.

                                                          _____
                                                          Charles P. Kocoras
                                                          United States District Judge

Dated:   January 17, 2007